**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| AMBER LOOMIS, ) | |
| ) | |
| Plaintiff ) | **Civil Action No.: 11-15196** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| Defendant ) | |

## COMPLAINT

AMBER LOOMIS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Michigan; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Weidman, Michigan 48893.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a national debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

10. Defendant repeatedly contacted Plaintiff while attempting to collect a debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, which Plaintiff believes originates from a Capital One account.

13. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

14. Beginning on or around September 1, 2011, Defendant's representatives began making repeated and continuous harassing telephone calls to Plaintiff's work telephone, in connection to the collection of the alleged Capital One account.

15.     The harassing debt collection calls derived from numbers including, but not limited to (847) 994-2250, (847) 994-2553, (847) 994-2555, (847) 994-2557 and (847) 994-2545.  The undersigned has confirmed that the numbers belong to Defendant.

16.     On September 1, 2011 Plaintiff informed Defendant's representative that calls to her place of employment were inconvenient and instructed Defendant not to place such calls again in the future.

17.     Defendant's representative asked Plaintiff "this is where you work right?" to which Plaintiff answered in the affirmative.

18.     Defendant's representative then stated "then I can call you here."

19.     Despite Plaintiff's instruction, Defendant's representative continued to place the harassing telephone calls to Plaintiff's place of employment seeking to collect this alleged debt.

20.     Additionally, Defendant did not inform Plaintiff of her right to dispute the debt, or to demand verification thereof within five (5) days of the first communication, or at any time thereafter, despite its obligation to do so under the FDCPA.

21.     Defendant's actions in attempting to collect the alleged debt were intentionally abusive and harassing.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

22.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.     Defendant violated of the FDCPA generally;

    b.     Defendant violated §1692c(a)(3) of the FDCPA by calling Plaintiff's place of

employment after knowing it was inconvenient in connection with the collection of the alleged debt;

c. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of the alleged debt;

d. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly or continuously;

e. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

f. Defendant violated §1692g of the FDCPA when it failed to notify Plaintiff that he had thirty (30) days to dispute the alleged debt or to demand verification thereof;

WHEREFORE, Plaintiff, AMBER LOOMIS, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, AMBER LOOMIS, demands a jury trial in this case.

                                                      RESPECTFULLY SUBMITTED,

DATED: 11/28/11                      KIMMEL & SILVERMAN, P.C.

                                           By: /s/ Christina Gill Roseman
                                           Christina Gill Roseman
                                           210 Grant Street, Suite 202
                                           Pittsburgh, PA 15219
                                           Phone: (412) 566-1001
                                           Fax: (412) 566-1005
                                           Email: croseman@lemonlaw.com

PLAINTIFF'S COMPLAINT