IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AMBER LOOMIS,

        Plaintiff,                Civil Action No.: 1:11-cv-15196-TLL-CEB
                                       Honorable Thomas L. Ludington

-vs-

PORTFOLIO RECOVERY ASSOCIATES, LLC

        Defendant.
_____/
KIMMEL & SILVERMAN, P.C., Christina Gill Roseman, Attorney for Plaintiff, 210 Grant Street, Suite 202, Pittsburgh, PA 15219, (412) 566-1001.

KIMMEL & SILVERMAN, P.C., Amy L. Bennecoff, Attorney for Plaintiff, 30 East Butler Pike, Ambler, PA 19002, (215) 540-8888.

PORTFIOLO RECOVERY ASSOCIATES, LLC, Adrienne C. Rowberry, Attorney for Defendant, 140 Corporate Blvd, Norfolk, VA 23502, (757) 481-8371.
_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT & JURY DEMAND

**NOW COMES** Defendant, Portfolio Recovery Associates, LLC ("Defendant"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff Amber Loomis' ("Plaintiff") Complaint, states as follows:

### INTRODUCTION

1. In response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), but denies that it violated any law.

### JURISDICTION AND VENUE

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that this honorable court has jurisdiction over claims arising pursuant to the FDCPA.

1

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendant admits that it conducts business in the State of Michigan.

4. In response to Paragraph 4 of Plaintiff's Complaint, Defendant, upon information and belief, admits that venue is proper.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendant denies that declaratory relief is available or appropriate in this action.

## PARTIES

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant, upon information and belief, admits that Plaintiff is a natural person residing in Weidman, Michigan.

7. In response to Paragraph 7 of Plaintiff's Complaint, Paragraph 6 states a legal conclusion that is not subject to an admission or denial. To the extent that a response is required, Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and therefore denies the same.

8. In response to Paragraph 8 of Plaintiff's Complaint, Defendant admits that it is a Delaware limited liability company with headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502. Except as specifically admitted herein, Defendant denies any remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. In response to Paragraph 9 of Plaintiff's Complaint, Paragraph 9 states a legal conclusion that is not subject to an admission or denial. To the extent a response is required, Defendant admits that when it acts as a "debt collector" as defined by 15 U.S.C. § 1692a(6) its conduct may be governed by the applicable sections of the FDCPA. Except as specifically admitted herein, Defendant denies any remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendant admits that it attempted

to collect a debt from Plaintiff. Except as specifically admitted herein, Defendant denies any remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to admit the allegation contained therein and therefore denies the same.

## FACTUAL ALLEGATIONS

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant admits that it was attempting to collect on a Capital One Auto Finance/Onyx Acceptance Corporation account but lacks sufficient knowledge or information to admit or deny whether the account is a "consumer debt" and therefore denies the same. Except as specifically admitted herein, Defendant denies any remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to admit or deny whether the debt arose out of transactions, which were primarily for personal, family or household purposes, and therefore denies the same.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendant admits that it placed telephone calls to Plaintiff in an effort to collect on Plaintiff's Capital One Auto Finance/Onyx Acceptance Corporation account within the year prior to the filing of this Complaint. Defendant lacks sufficient knowledge or information to admit whether the calls were placed to Plaintiff's work telephone. Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendant admits that it placed telephone calls to Plaintiff but lacks sufficient knowledge or information as to the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendant denies the allegation contained therein.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendant denies the allegation contained therein.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendant denies the allegation contained therein.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendant denies the allegation contained therein.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant denies the allegation contained therein.

21. In response to Paragraph 21 of Plaintiff's Complaint, Defendant denies the allegation contained therein.

### COUNT I

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. In response to Paragraph 22 of Plaintiff's Complaint, Defendant denies the allegations and legal conclusions contained therein, including subparagraphs a – f.

**WHEREFORE**, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded costs of this action and attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3), and such other relief as this Honorable Court may deem appropriate.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint and each count claimed therein fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

Defendant denies both the material allegations of Plaintiff's Complaint and that Plaintiff is entitled to the relief requested therein.

### Third Affirmative Defense

Assuming that Plaintiff suffered any damages, Plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### Fourth Affirmative Defense

Defendant affirmatively invokes and asserts all defenses created by and under the Fair Debt Collection Practices Act, including that Plaintiff's claim is barred by the bona fide error defense.

### Fifth Affirmative Defense

Some or all of Plaintiff's claims may be time-barred by the applicable statute of limitations.

**WHEREFORE**, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded costs of this action and attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3), and such other relief as this Honorable Court may deem appropriate.

Dated:  <u>April 27, 2012</u>                                    Respectfully Submitted,

                                        BY:   <u>/s/ Adrienne C. Rowberry</u>
                                              Adrienne C. Rowberry
                                              Portfolio Recovery Associates, LLC
                                              140 Corporate Boulevard
                                              Norfolk, VA 23502
                                              (757) 481-8371
                                              arowberry@portfoliorecovery.com
                                              Attorney for Defendant

## **CERTIFICATE OF SERVICE**

     I hereby certify that on April 27, 2012, I electronically filed the foregoing Answer and Affirmative Defenses of Portfolio Recovery Associates, LLC, using the ECF system, which will send notification of such filing to the following:

Christina Gill Roseman  
Kimmel & Silverman, P.C.  
210 Grant Street, Suite 202  
Pittsburgh, PA 15219  
E-mail: croseman@lemonlaw.com  
Attorney for Plaintiff

Amy L. Bennecoff  
Kimmel & Silverman, P.C.  
30 East Butler Pike  
Ambler, PA 19002  
E-mail: abennecoff@creditlaw.com  
Attorney for Plaintiff

                                                By:    /s/ Adrienne C. Rowberry  
                                                       Adrienne C. Rowberry  
                                                       Portfolio Recovery Associates, LLC  
                                                        Attorney for Defendant